**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARCUS D. NELSON, ) | |
| Petitioner, ) | |
| v. ) | CIV 07-00601 PHX MHM (MEA) |
| DORA SCHRIRO and ) | REPORT AND RECOMMENDATION |
| ARIZONA ATTORNEY GENERAL, ) | |
| Respondents. ) | |

**TO THE HONORABLE MARY H. MURGUIA:**

On March 21, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 11) on July 13, 2007. Petitioner has not filed a reply to the answer and the time to do so has expired.

**I Procedural History**

In August of 2002 Petitioner was charged by an indictment with five counts of sexual conduct with a minor and three counts of molestation of a child, all eight counts classified as class 2 felonies, and two counts of sexual abuse, which were classified as class 3 felonies. See Answer, Exh. A. The indictment alleged the acts occurred between June of 2000

1  and March of 2001 and that the victim was a minor under the age
2  of fifteen years old. <u>Id.</u>, Exh. A.  Respondents aver Petitioner
3  faced a <u>minimum</u> sentence of 205 years incarceration if he was
4  convicted on all of the charges stated in the indictment.  <u>Id.</u>
5  at 2 n.1 & Exh. C.

6       At a settlement hearing conducted October 21, 2003,
7  Petitioner, his appointed defense counsel, and the prosecution
8  discussed a proffered plea agreement before a state trial judge.
9  <u>Id.</u>, Exh. C.  The judge informed Petitioner he faced a potential
10 life sentence if convicted on all or even some of the charges
11 alleged in the indictment.  <u>Id.</u>, Exh. C at 5.  The trial court
12 stated "the best" Petitioner could expect if he accepted the
13 plea agreement was a sentence of 10 years imprisonment and the
14 "worst" he could expect if he signed the plea agreement was a
15 sentence of 24 years imprisonment.  <u>Id.</u>, Exh. C at 5.

16      At the hearing the prosecution indicated Petitioner had
17 confessed to a state agency worker and to a doctor that he
18 committed the acts alleged in the indictment.  <u>Id.</u>, Exh. C at 5-
19 6.  The prosecution averred these two individuals were prepared
20 to testify as to Petitioner's confessions at trial.  <u>Id.</u>, Exh.
21 C at 5-6.  The prosecution stated that forensic evidence also
22 supported the charges.  <u>Id.</u>, Exh. C at 5-6.  Petitioner
23 indicated to the judge, however, that he was "flabbergasted" by
24 what he had read in the police report and initially stated that
25 he thought he could prove he was "totally innocent." <u>Id.</u>, Exh.
26 C at 7.  Petitioner also stated "If I go to trial and lose, no
27 worse than if I sign the plea as far as I'm concerned."  <u>Id.</u> at

28

-2-

1  9.

2   Petitioner further stated at the hearing:

3   [I]t's a crap-shoot.  There's no guaranty
    (sic) I wouldn't get 25 years.  I would be 65
4   when I get out of jail...  I would rather try
    to fight this and try to exonerate myself
5   with the charges and face life in jail, than
    plead guilty for something I didn't do or
6   even....

7  Id., Exh. C at 9.

8       However, in response to the judge's question, "Is it
9  your contention you didn't do any of it...?" Petitioner
10 responded: "I'm not denying or affirming anything Your Honor."
11 Id., Exh. C at 9-10.  Petitioner then stated he believed a
12 sentence of 10 years "work furlough" would be appropriate, but
13 agreed that was "not possible."  Id., Exh. C at 12.  After
14 discussing the plea agreement with Petitioner and answering his
15 questions, the state court adjourned until later that day to
16 allow Petitioner to consider accepting the plea agreement or
17 going forward to trial on the charges against him.  Id., Exh. C.
18       Later that same day, after conferring with his counsel,
19 Petitioner signed the proffered plea agreement.  Id., Exh. B &
20 Exh. D.  Petitioner averred to the court that he understood the
21 potential sentences involved if he pled guilty, including a
22 potential sentence of lifetime probation pursuant to a
23 conviction for attempted sexual conduct with a minor.  Id., Exh.
24 D.  The plea agreement and the court noted the maximum sentence
25 of 15 years imprisonment on the charge of attempted sexual
26 conduct with a minor and a maximum sentence of 24 years
27 imprisonment with regard to the charge of child molestation.
28                                 -3-

Id., Exh. B & Exh. D.  Petitioner agreed to plead guilty to one count of attempted sexual conduct with a minor, a class 3 felony, and one count of child molestation, a class 2 felony. Id., Exh. B & Exh. D.

At that time, Petitioner's counsel stated the factual basis for Petitioner's plea of guilty to both of those charges. Id., Exh. D at 5.  Counsel stated Petitioner had "attempted to have oral sexual contact with his daughter, []. [Who], at that point in time, was nine years old, or a child within the definition of the statute."  Id., Exh. D at 6.  After counsel made this statement, Petitioner affirmed: "That's correct." Id., Exh. D at 6.  Counsel then stated that when Petitioner committed the other act to which he was pleading guilty, the victim "was 9 there also."  Id., Exh. D at 6.  When asked by the state court if everything his counsel had stated was correct, Petitioner replied, "Yes, sir."  Id., Exh. D at 6.

Petitioner was sentenced on February 13, 2004.  Id., Exh. E.  At his sentencing hearing, Petitioner indicated he had signed the plea agreement because his counsel had informed him there was

> no way he could win this case given the fact that none of those situations were done, no interviews, no true investigation was done.... I feel that had I not signed a plea and went on to trial, I would just have been in as much trouble as I am now.

Id., Exh. E at 5.

The sentencing court noted Petitioner's claims regarding dissatisfaction with counsel should be raised in an

-4-

1  action for post-conviction relief. Id., Exh. E at 7. The court
2  also noted Petitioner had previously stated his plea was
3  voluntary and that he was not coerced to enter a guilty plea.
4  Id., Exh. E at 7. Petitioner then indicated he did not wish to
5  withdraw from the plea agreement, but that he believed his
6  counsel had not done an adequate job of investigating mitigation
7  of his sentence. Id., Exh. E at 10.

8        The prosecution asked the court to impose the maximum
9  sentence, noting the age of the victim, the number of times the
10 victim was assaulted, and the emotional damage to the victim,
11 averring there were no mitigating factors warranting a lesser
12 sentence. Id., Exh. E at 16. Petitioner's counsel then argued
13 there were mitigating factors, i.e., that Petitioner had
14 accepted responsibility for his actions by calling the state's
15 Child Protective Services and telling "CPS what happened." Id.,
16 Exh. E at 17. Defense counsel also noted Petitioner's military
17 service. Id., Exh. E at 18.

18       At the sentencing hearing Petitioner addressed the
19 court and admitted he molested his daughter and that he "did it
20 for a period of time." Id., Exh. E at 20. Petitioner then
21 stated: "Unfortunately I could have taken the steps to correct
22 that behavior sooner. That's not my fault. I did seek
23 professional help." Id., Exh. E at 20.

24       The state sentencing court found facts allowing for the
25 imposition of an aggravated sentence, i.e., the victim's age,
26 the nature of the crimes, and the "psychological emotional
27 impact on the victim." Id., Exh. E at 25. The trial court also
28

concluded there were no circumstances warranting any mitigation of Petitioner's sentence. Id., Exh. E. Petitioner was then sentenced to an aggravated term of 24 years in prison for his conviction for child molestation and to a term of lifetime probation for his conviction for attempted sexual conduct with a minor. Id., Exh. E.

Petitioner waived his right to a direct appeal of his conviction and sentence by pleading guilty. Id., Exh. B.[1] Petitioner filed a timely action for post-conviction relief in the Arizona Superior Court on April 20, 2004. Id., Exh. F. Petitioner asserted his guilty plea was not intelligent or voluntary, citing Rule 17.1(b), Arizona Rules of Criminal Procedure and Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 336 (1985). Id., Exh. G. Petitioner also argued his Sixth Amendment rights were violated because his sentence was aggravated based on facts found by a judge and not a jury, citing Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).

The Arizona Superior Court denied relief on the merits of Petitioner's claim regarding the nature of his guilty plea. Id., Exh. H. However, the Superior Court granted relief on Petitioner's Blakely claim. Id., Exh. H. The Superior Court concluded there was no error in aggravating Petitioner's

---

[1] Arizona state law prohibits a "direct appeal" arising from a conviction pursuant to a plea agreement. See Ariz. Rev. Stat. Ann. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.").

-6-

sentence based on the age of the victim because it was an element of the underlying offense to which Petitioner had pled guilty. Id., Exh. H. Nonetheless, the Superior Court further concluded that Blakely required a jury and not a judge find *every* fact used to aggravate a sentence that was not admitted by the defendant or implicit in a jury verdict. Id., Exh. H. Accordingly, the Arizona Superior Court determined it had erred by considering the other factors when imposing an aggravated sentence. Id., Exh. H. In doing so, the Superior Court noted the Arizona Court of Appeals' conflicting decisions regarding this exact issue in Arizona v. Martinez and Arizona v. Pitre.[2] Id., Exh. H.

The Arizona Superior Court granted the petition for post-conviction relief on the Blakely claim and ordered Petitioner be re-sentenced with regard to his conviction for child molestation. Id., Exh. H. However, on June 21, 2005, the Maricopa County Attorney filed an appeal of the Superior Court's decision granting relief on Petitioner's Blakely claim. Id., Exh. I.

The Arizona Supreme Court then issued its decisions in Arizona v. Henderson, 210 Ariz. 561, 115 P.3d 601 (2005)[3] and Arizona v. Martinez, 210 Ariz. 578, 115 P.3d 618 (2005). In

---

[2] See Arizona v. Pitre, 2006 WL 1686506, *3 (Ct. App.) and Arizona v. Martinez, 210 Ariz. 93, 107 P.3d 939 (Ct. App. 2005), rev'd by 210 Ariz. 578, 115 P.3d 618 (2006).

[3] In Henderson the Arizona Supreme Court held that alleged Blakely errors were to be reviewed under the harmless-error or fundamental-error standards of review.

-7-

Martinez, the Arizona Supreme Court concluded the state's sentencing scheme allowed a judge to consider additional aggravating circumstances, not found by a jury, if a single aggravating factor was established in accordance with Blakely, thereby "authorizing" a sentence in the aggravated range.

On March 21, 2006, citing Martinez, the Arizona Court of Appeals concluded Petitioner was not prejudiced by the judicial fact-finding regarding his sentence. Id., Exh. J. The Court of Appeals noted Petitioner never contested the victim's age, and concluded no reasonable juror could have failed to find the victim's age as a matter of fact. Id., Exh. J. Therefore, the appellate court concluded, the sentencing court could find and consider additional aggravating factors without first submitting them to a jury because the aggravated sentencing range was applicable pursuant to the uncontested fact of the victim's age. Id., Exh. J. The Arizona Court of Appeals vacated the Superior Court's order granting post-conviction relief and reinstated the term of imprisonment originally imposed on Petitioner. Id., Exh. J. Petitioner did not seek review of this decision by the Arizona Supreme Court. Id. at 4 & Exh. K.

In his petition for federal habeas relief Petitioner alleges he was deprived of his right to the effective assistance of counsel. Petitioner asserts his trial counsel did not give him access to copies of the indictment, police reports, and the victim's statements. Petitioner argues that, if he had seen this evidence, he would not have pled guilty. Petitioner

-8-

further contends that, because he did not have all the information necessary prior to entering his plea, his guilty plea was not voluntary, knowing, nor intelligent. Petitioner also argues that, because not all of the facts used to aggravate his sentence were found by a jury, his Sixth Amendment rights were violated. Petitioner contends the Arizona Court of Appeal's decision with regard to his sentence is contrary to, and not a reasonable application of federal law, i.e., the holding in Blakely.

Respondents assert Petitioner procedurally defaulted his ineffective assistance of counsel claim and his claim that his plea was not knowing and voluntary. Answer at 5. Respondents also contend that the Arizona Supreme Court's application of Blakely to Petitioner's sentence was not contrary to, nor an unreasonable application of federal law.

**II Analysis**

**Petitioner's claims regarding his guilty plea**

Petitioner asserts in his habeas petition that he faced "the realistic possibility of a defenseless trial due to both the lack of investigation of preparation by [his counsel] and inability for Petitioner's primary witnesses (his wife and other children) to travel from the family's new home in Virginia to Arizona for the trial, Petitioner accepted the plea agreement..." Docket No. 1. Petitioner claims his guilty pleas were not knowing and voluntary because he was denied his right to the effective representation of counsel. Respondents assert this claim was not properly exhausted in the state courts.

-9-

However, regardless of any failure to exhaust the claim, it may be denied on the merits.

In his Rule 32 action, Petitioner asserted his guilty plea was not intelligent or voluntary, citing Rule 17.1(b), Arizona Rules of Criminal Procedure and Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 336 (1985). Answer, Exh. G. Petitioner asserted his plea was unknowing because he was not aware of the details alleged in the indictment, *inter alia*, because he was not provided with the victim's statements. Petitioner also alleged that he was "coerced" into taking a plea because to go to trial would have created hardship for his wife, who is the victim's mother, and one of his other children. Petitioner additionally asserted that he did not want to go to trial because he knew his defense counsel was unprepared for a trial. Additionally, Petitioner averred he was "[t]hreatened with a sentence of over 400 years and knowing that [his counsel] was not ready for trial, Petitioner believed his only option was to accept the plea. ..."

The Arizona Superior Court denied this claim, stating:
> The issues raised do not support a finding that [Petitioner] did not understand the nature or potential consequences of his plea or that he was in any way coerced in a manner to override his free will choice to take the plea offered. His decision was undoubtedly based on many factors, but in the end it was his decision, and he chose to accept the benefits offered in the agreement.

Answer, Exh. H.

A state court's factual finding that a plea was voluntary and knowing is entitled to a presumption of

-10-

correctness by a federal habeas court. See Lambert v. Blodgett, 393 F.3d 943, 982 (9th Cir. 2004); Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See Miller-El v. Dretke, 545 U.S. 231, 125 S. Ct. 2317, 2325 (2005); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006); Solis v. Garcia, 219 F.3d 922, 926 (9th Cir. 2000) ("The state court's factual findings are entitled to a presumption of correctness unless the petitioner rebuts the presumption with clear and convincing evidence.").

Additionally, Petitioner's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"); United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); Restucci v. Spencer, 249 F. Supp. 2d 33, 45 (D. Mass. 2003) (collecting cases so holding). Because Petitioner stated at the time of his guilty plea that the plea was knowing and voluntary, the Court concludes that, as a matter of fact, the plea was voluntary and made intelligently. See

-11-

Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are governed by the doctrine of Strickland v. Washington. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369 (1985); Fields v. Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992). The Strickland standard requires a defendant to "show that his counsel's performance was deficient, and that the deficient performance prejudiced him." Lambright v. Stewart, 241 F.3d 1201, 1206 (9th Cir. 2001), citing Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). When a defendant challenges a conviction resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

Additionally, to succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Hill, 474 U.S. at 58, 106 S. Ct. at 369; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). A lawyer's advice to plead guilty in the face of

-12-

strong inculpatory evidence does not constitute ineffective assistance of counsel. See United States v. Cassidy, 428 F.2d 383, 384 (9th Cir. 1970); Schone v. Purkett, 15 F.3d 785, 790 (8th Cir. 1994); Jones v. Dugger, 928 F.2d 1020, 1028 (11th Cir. 1991); Hogan v. Ward, 998 F. Supp. 290, 294 (W.D.N.Y. 1998).

> [A] defendant has the right to make a reasonably informed decision whether to accept a plea offer. In McMann v. Richardson, the seminal decision on ineffectiveness of counsel in plea situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771, 90 S. Ct. 1441. Thus, for [the petitioner] to establish a claim of ineffective assistance, he "must demonstrate gross error on the part of counsel...." Id. at 772, 90 S. Ct. 1441. The Third Circuit has interpreted this standard as requiring a defendant to demonstrate that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer.

Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (some internal citations and quotations omitted).

Petitioner offers no evidence he did not understand or agree to the plea agreement. Certainly any competent attorney would have advised Petitioner to accept the plea agreement rather than face a likely term of life imprisonment if convicted of even some of the charges stated in the indictment and given the amount of incriminatory evidence against Petitioner and the number and type of charges alleged. Petitioner did not deny that his separate admissions to other individuals regarding his actions would be admissible at trial. Despite Petitioner's

-13-

protestations to the contrary, Petitioner has not established that, absent his counsel's advice, he would have rejected the plea agreement and continued to trial, facing a minimum term of at least 200 years in prison if convicted of charges to which he had confessed. The plea agreement negotiated by Petitioner's counsel resulted in a prison sentence greatly diminished from that faced by Petitioner if he went to trial on all of the charges against him.

Therefore, Petitioner is not entitled to federal habeas relief on the claim that his guilty plea was not knowing or voluntary or that he was not provided the effective assistance of counsel guaranteed by the Sixth Amendment. Petitioner has not established that his counsel's performance was deficient, nor has Petitioner established that, absent his counsel's advice to accept the plea agreement, he would have proceeded to trial.

**Petitioner's Sixth Amendment sentencing claim**

A state prisoner is not entitled to habeas relief on a claim adjudicated on the merits in state court unless he demonstrates the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d) (1994 & Supp. 2007). See also Price v. Vincent, 538 U.S. 634, 638, 123 S. Ct. 1848, 1852 (2003).

The Court must first determine whether the United

-14-

States Supreme Court has "clearly established" the law on the legal issue raised by the habeas petitioner. See Lockyer v. Andrade, 538 U.S. 63, 71, 123 S. Ct. 1166, 1172 (2003). If the Supreme Court has not clearly established a rule of law providing a basis for habeas relief, the petitioner is not entitled to habeas relief. Mitchell v. Esparaza, 540 U.S. 12, 14, 124 S. Ct. 7, 10 (2003); Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000) (explaining that "clearly established federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision."). When more than one state court has adjudicated a claim, the Court must analyze the last reasoned decision by a state court to determine if the state's denial of relief on the claim was clearly contrary to federal law. See Barker v. Fleming, 423 F.3d 1085, 1091-92 & n.3 (9th Cir. 2005), cert. denied, 126 S. Ct. 2041 (2006).

      The Arizona courts have determined that, after a criminal sentence within the "aggravated range" is authorized by means of a jury decision, a guilty plea, or the existence of a prior felony, the facts "legally essential to punishment" have been found and other aggravating factors, not found by a jury or admitted in a guilty plea, may then be considered by the court in fixing a sentence within the aggravated range. See Answer, Exh. J; Martinez, 210 Ariz. at 585, 115 P.2d at 625. This determination is not contrary to nor an unreasonable application of clearly established federal law regarding the Sixth

-15-

Amendment.

The Sixth Amendment's guarantee of a jury-trial proscribes the imposition of a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. See United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). In Blakely, the United States Supreme Court clarified the rule stated in Apprendi:

> [T]he "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant .... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."

Blakely, 542 U.S. at 303-04, 124 S. Ct. at 2537 (emphasis in original). The rule established by Blakely is, therefore, that before a trial court can impose a sentence above the presumptive statutory term, a jury must find beyond a reasonable doubt or the defendant must admit all facts "legally essential to the punishment." Id., 542 U.S. at 313, 124 S. Ct. at 2543.

In Petitioner's case, an aggravated sentence was authorized solely by the fact of the age of the victim, a fact admitted by Petitioner in the colloquy supporting his guilty plea. Petitioner points to no authority concluding that the trial court's consideration of other aggravating factors when

-16-

choosing the actual sentence within the aggravated sentencing range violated his Sixth Amendment rights. Accordingly, the Arizona Court of Appeals' decision denying Petitioner's Blakely claim was neither contrary to or an unreasonable application of Supreme Court law. Additionally, in unpublished opinions, the judges of the United States District Court for the District of Arizona have affirmed the Arizona courts' application of the Blakely decision. See Van Norman v. Schriro, 2007 WL 2325969, at *10; Estrada v. Schriro, 2007 WL 2237626, at *6; Beals v. Bartos, 2007 WL 2220467, at *8-13;[4] Nino v. Flannigan, 2007 WL 1412493 at *4; Garcia v. Schriro, 2006 WL 3292473, at *3; Jones v. Schriro, 2006 WL 1794765, at *2-*3 (concluding the "rule" of Blakely was satisfied once petitioner admitted a single aggravating factor).

The Ninth Circuit Court of Appeals has also affirmed the Arizona state courts' interpretation of Blakely. In Stokes v. Schriro, the Ninth Circuit stated:

> [T]he Arizona state courts' interpretation of

---

[4] The Supreme Court has not considered the situation in this case-where the trial judge imposed a sentence above the statutory maximum based upon one fact that was either Blakely-compliant or Blakely-exempt, and additional facts that were neither found by a jury nor otherwise complied with Blakely. Accordingly, this Court cannot find that the state court's rejection of Petitioner's Sixth Amendment/ Blakely claim is either contrary to, or involved an unreasonable application of, clearly establishes federal law, as determined by the United States Supreme Court at the time of the state court's decision. 28 U.S.C. § 2254(d).

-17-

> these [sentencing] provisions does not contradict clearly established federal law... A statutory maximum need not be defined by every one of the facts found at trial, so long as the defendant is not exposed to a greater punishment than that authorized solely by those facts ...

465 F.3d 397, 402-03 (2006) (internal quotations and citations omitted).

### III Conclusion

Petitioner presents no evidence other than his unsupported self-serving statements that his guilty plea was not knowing or voluntary. Additionally, there is no evidence Petitioner's counsel's performance was deficient because counsel advised Petitioner to accept a guilty plea in the face of a virtual life sentence when there was an abundance of admissible, inculpatory evidence in support of the charges alleged in the indictment. Accordingly, Petitioner is not entitled to habeas relief on his claim that his guilty plea was not knowing or voluntary or that his counsel's allegedly deficient performance resulted in his acceptance of a guilty plea when he otherwise would have chosen to go to trial.

The Supreme Court has never held that the Sixth Amendment prohibits the imposition of an increased sentence where at least one Blakely-exempt factor expands the potential sentence into the "aggravated" range. Accordingly, the Arizona Court of Appeals' rejection of Petitioner's Blakely challenge to his aggravated sentence was neither contrary to, nor an unreasonable application of, clearly established federal law, as established by the holdings of the Supreme Court.

-18-

**IT IS THEREFORE RECOMMENDED** that Mr. Nelson's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 31st day of August, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

-19-