WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus D. Nelson, | No. CV 07-601-PHX-MHM (MEA) |
| Petitioner, | |
| vs. | **ORDER** |
| Dora B. Schriro and Arizona Attorney General, | |
| Respondents. | |

Plaintiff *pro se* has filed an Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on March 21, 2007. The matter was referred to United States Magistrate Judge Mark E. Aspey, who has issued a Report and Recommendation recommending that the Court deny and dismiss with prejudice Petitioner's Petition (Doc. 44). Plaintiff has not filed a written objection to the Report and Recommendation, however, Respondents have filed an objection (Doc. 15). Respondents, agree with the ultimate disposition of the petition but file an objection to preserve an issue, discussed in further detail, for appeal. Respondents also have filed a Motion to Restrict Attachment from Public Viewing (Doc. 13).

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. *See* 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and

Recommendation de novo for those facts to which objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## RELEVANT BACKGROUND

In August 2002, Petitioner was charged with five counts of sexual conduct with a minor and three counts of molestation of a child, all eight counts classified as class 2 felonies, and two counts of sexual abuse, classified as class 3 felonies. The indictment alleged the acts occurred between June 2000 and March 2001 and that the victim was a minor under fifteen years of age.

At a settlement hearing conducted October 21, 2003, Petitioner, his appointed defense counsel, and the prosecution discussed a proffered plea agreement before a state trial judge. Later that day, after conferring with his counsel, Petitioner signed the proffered plea agreement. Petitioner averred to the court that he understood the potential sentences involved if he pled guilty, including a potential sentence of lifetime probation pursuant to a conviction for attempted sexual conduct with a minor. The plea agreement and the court noted the maximum sentence of 15 years imprisonment on the charge of attempted sexual conduct with a minor and a maximum sentence of 24 years imprisonment with regard to the charge of child molestation. Petitioner agreed to plead guilty to one count of attempted sexual conduct with a minor, a class 3 felony, and one count of child molestation, a class 2 felony.

Petitioner was sentenced on February 13, 2004. At his sentencing hearing, Petitioner indicated he had signed the plea agreement based on advice he received from his counsel to which he expressed dissatisfaction. The sentencing court noted Petitioner's claims regarding dissatisfaction with counsel should be raised in an action for post-conviction relief. The court also noted Petitioner had previously stated his plea was voluntary and that he was not coerced to enter a guilty plea. Petitioner then indicated he did not wish to withdraw from the plea agreement, but that he believed his counsel had not done an adequate job of investigating mitigation of his sentence.

Petitioner waived his right to a direct appeal of his conviction and sentence by pleading guilty. Petitioner filed a timely action for post-conviction relief in the Arizona Superior Court on April 20, 2004. Petitioner asserted his guilty plea was not intelligent or voluntary, and that his Sixth Amendment rights were violated because his sentence was aggravated based on facts found by a judge and not a jury.

In his petition for federal habeas relief, Petitioner alleged he was deprived of his right to the effective assistance of counsel. Petitioner asserts his trial counsel did not give him access to copies of the indictment, police reports, and the victim's statements. Petitioner argues that he would not have plead guilty, had he seen this evidence. Petitioner further argues that, because he did not have all the information necessary prior to entering his plea, his guilty plea was not voluntary, knowing, or intelligent. Finally, Petitioner argues that because not all of the facts used to aggravate his sentence were found by a jury, his Sixth Amendment rights were violated. Petitioner contends the Arizona Court of Appeals' decision with regard to his sentence is contrary to, and not a reasonable application of federal law, meaning the holding in Blakely.

Respondents assert that Petitioner procedurally defaulted his ineffective assistance of counsel claim and his claim that his plea was not knowing and voluntary. Respondents also assert that Petitioner's ineffective assistance of counsel argument, namely that his guilty plea was not "voluntary, intelligent, and knowing" is deficient because he did not present this argument in each appropriate state court, that a return to state court now would be futile because the state courts would find the claims procedurally barred, and because Petitioner has not established either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his failure to properly present these claims to the lower court. Respondent states that the magistrate judge did not address Petitioner's procedural default, despite such an assertion by Respondents in their answer.

Respondents also contend that the Arizona Supreme Court's application of Blakely to Petitioner's sentence was not contrary to, nor an unreasonable application of federal law.

## DISCUSSION

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are governed by the doctrine of Strickland v. Washington. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57 (1985); Fields v. Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992). The Strickland standard requires a defendant to "show that his counsel's performance was deficient, and that the deficient performance prejudiced him." Lambright v. Stewart, 241 F.3d 1201, 1206 (9th Cir. 2001), citing Strickland v. Washington, 466 U.S. 668, 690 (1984). When a defendant challenges a conviction resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

To succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Hill, 474 U.S. at 58; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). A lawyer's advice to plead guilty in the face of strong inculpatory evidence does not constitute ineffective assistance of counsel. See United States v. Cassidy, 428 F.2d 383, 384 (9th Cir. 1970); Schone v. Purkett, 15 F.3d 785, 790 (8th Cir. 1994); Jones v. Dugger, 928 F.2d 1020, 1028 (11th Cir. 1991).

> "[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." In McMann v. Richardson, the seminal decision on ineffectiveness of counsel in plea situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771. Thus, for the petitioner to establish a claim of ineffective assistance, he "must demonstrate gross error on the part of counsel. . . ." Id. at 772. The Third Circuit has interpreted this standard as requiring a defendant to demonstrate that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer.

Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (some internal citations and quotations omitted).

In the instant Petition, Petitioner offers no evidence to support a finding that he did not understand or agree to the plea agreement. As the Report and Recommendation found, any competent attorney would advise a defendant to accept an offer for a plea agreement rather than face a likely term of life imprisonment if convicted of even some of the charges stated in the indictment and considering the amount of incriminatory evidence against this Petitioner and the number and type of charges alleged. Without more, Petitioner has not established that, absent his counsel's advice, he would have rejected the plea agreement and continued to trial. Moreover, it appears that Petitioner did not raise these issues during all of the state court proceedings, as required to retain his right to include such claims in his federal habeas petition.

Regarding Petitioner's Sixth Amendment sentencing claim, a state prisoner is not entitled to habeas relief on a claim adjudicated on the merits in state court unless he demonstrates the state court's adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d) (1994 & Supp. 2007). See also Price v. Vincent, 538 U.S. 634, 638 (2003).

The Court must first determine whether the United States Supreme Court has "clearly established" the law on the legal issue raised by the habeas petitioner. See Lockyer v. Andrade, 538 U.S. 63, 71 (2003). If the Supreme Court has not clearly established a rule of law providing a basis for habeas relief, the petitioner is not entitled to habeas relief. Mitchell v. Esparaza, 540 U.S. 12, 14 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000) (explaining that "clearly established federal law" in § 2254(d)(1) "refers to the holdings, as

opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision."). When more than one state court has adjudicated a claim, the Court must analyze the last reasoned decision by a state court to determine if the state's denial of relief on the claim was clearly contrary to federal law. See Barker v. Fleming, 423 F.3d 1085, 1091-92 & n.3 (9th Cir. 2005), cert. denied, 126 S. Ct. 2041 (2006).

The Arizona courts have determined that, after a criminal sentence within the "aggravated range" is authorized by means of a jury decision, a guilty plea, or the existence of a prior felony, the facts "legally essential to punishment" have been found and other aggravating factors, not found by a jury or admitted in a guilty plea, may then be considered by the court in fixing a sentence within the aggravated range. Martinez, 210 Ariz. at 585, 115 P.2d at 625. This determination is not contrary to nor an unreasonable application of clearly established federal law regarding the Sixth Amendment.

The Sixth Amendment's guarantee of a jury-trial proscribes the imposition of a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. See United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). In Blakely, the United States Supreme Court clarified the rule stated in Apprendi:

> [T]he "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant .... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."

Blakely, 542 U.S. at 303-04, 124 S. Ct. at 2537 (emphasis in original). The rule established by Blakely, therefore, is that before a trial court can impose a sentence above the presumptive statutory term, a jury must find beyond a reasonable doubt or the defendant must admit all facts "legally essential to the punishment." Id., 542 U.S. at 313.

1  In the instant case, an aggravated sentence was authorized solely by the fact of the age of the victim, a fact that Petitioner admitted. Petitioner points to no authority concluding that the trial court's consideration of other aggravating factors when choosing the actual sentence within the aggravated sentencing range violated his Sixth Amendment rights. Accordingly, as the Report and Recommendation found, the Arizona Court of Appeals' decision to deny Petitioner's Blakely claim was neither contrary to or an unreasonable application of the Supreme Court law.

In summary, Petitioner presents no evidence other than his unsupported self-serving statements that his guilty plea was not knowing or voluntary. Additionally, there is no evidence that Petitioner's counsel's performance was deficient because counsel advised Petitioner to accept a guilty plea in the face of a virtual life sentence when Petitioner was facing an abundance of evidence in support of the charges alleged in the indictment. Accordingly, Petitioner is not entitled to habeas relief on his claim that his guilty plea was not knowing or voluntary or that his counsel's alleged deficient performance resulted in his acceptance of a guilty plea when he otherwise would have chosen to go to trial.

Furthermore, the Supreme Court has never held that the Sixth Amendment prohibits the imposition of an increased sentence where at least one Blakely-exempt factor expands the potential sentence into the "aggravated" range.

**Accordingly,**

**IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc. 12) in its entirety.

**IT IS FURTHER ORDERED** finding Petitioner's Petition deficient claims of ineffective assistance of counsel are not only lacking merits on their face but also are procedurally deficient.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice Petitioner's Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** granting Respondents' Motion to Restrict Attachment from Public Viewing (Doc. 13) and directing the Clerk's Office to seal Exhibits A through L of Document 11.

DATED this 20th day of December, 2007.

_____
Mary H. Murgula
United States District Judge